FILED

2008 Dec-15  PM 02:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **RBC BANK (USA),** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:08-CV-1970-RDP** |
| | } | |
| **HOLIDAY ISLE, LLC, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This case is before the court on (1) Defendant Holiday Isle, LLC's Notice of Filing of Case Under Title 11 and Motion for Dismissal or Change of Venue (Doc. #7) filed October 28, 2008, (2) two Motions to Change Venue (Docs. #17 and 19) filed by various other Defendants on November 7, and November 10, 2008; (3) the Response to Show Cause Order (Doc. #23) filed on November 10, 2008; (4) the Oppositions to Defendant Holiday Isle, LLC's Notice of Filing of Case Under Title 11 and Motion for Dismissal or Change of Venue (Docs. #26 and 27); and (5) the various responses to the court's November 12, 2008 order regarding transfer of venue (Docs. #30, 31, 32, 33, and 43).

Defendants Holiday Isle, Arthur and Kathy Drago, Timothy I. Warren, Richard Murray, III, Jay and Lisa Murray, Arthur Fitzner, John and Tracy Gardner, Celeste Taylor, Marcelline Holliday, Catherine McAleer, and Joseph Guy seek transfer of this action to the Southern District of Alabama. Plaintiff RBC Bank and Defendant RBC Real Estate Finance and a large group of predominantly non-resident Defendants oppose transfer.

## I.      Background

Defendant Holiday Isle, LLC, from whose account the funds at issue in this case originated, is the developer of a condominium project known as Holiday Isle in the Town of Dauphin Island in

Mobile County, Alabama.  It took out a construction loan to fund the project.  The other defendants are primarily parties to pre-construction purchase agreements to purchase units at the development. Plaintiff alleges that the funds in Holiday Isle's account which were interpled into this court were the proceeds of letters of credit called in relation to defaults on the pre-construction purchase agreements.  (Doc. #1).

At the time this interpleader action was filed on October 22, 2008, five cases related to the underlying transactions had already been filed, four in the U.S. District Court for the Southern District of Alabama, and one in the U.S. District Court for the Northern District of Alabama.  The claims in some of these cases had been referred to arbitration.  In one of the cases already pending in the Southern District (Case No. 1:07-CV-00771-WS-M), on October 15, 2008 (just seven days before the Complaint in this action was filed), certain of the defendants in this case (who are plaintiffs in that case) filed a motion seeking to add RBC Centura Bank as a party to that action. These parties sought an order requiring RBC Centura Bank to deposit funds held by that bank in an account in Defendant Holiday Isle's name into an escrow account or to pay those funds into the Clerk of the Court for the Southern District of Alabama.  Before that motion could be ruled upon, on October 22, 2008, RBC Bank (USA) filed this separate interpleader action and deposited the funds from an account in Defendant Holiday Isle's name with the Clerk of this court.  Defendant Holiday Isle, LLC filed for bankruptcy on October 23, 2008, commencing Bankruptcy Case No. 08-14135, which is pending in the U.S. Bankruptcy Court for the Southern District of Alabama.  The court also understands that there may be additional cases relating to the underlying transactions pending in Florida.

2

In inviting the parties to state their respective positions as to the direction this court should take in light of Holiday Isle, LLC's bankruptcy filing, the court noted that "[a] primary goal of bankruptcy law is to centralize adjudication of a bankrupt's estate into a single court." *In Re: Millenium Seacarriers, Inc. et al.*, 419 F.3d 83, 96 (2d Cir. 2005). To this end, the Bankruptcy Code provides that "[t]he district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334(e). (Doc. #16). The court also invited the parties, in addition to any other arguments they may wish to bring to the court's attention, to address whether, "for the convenience of parties and witnesses, in the interest of justice," this court should transfer this action to the Southern District of Alabama pursuant to 28 U.S.C. § 1404(a). (Doc. #29). The parties have now responded to the court's invitation and these motions are ripe for review.

## II.    Facts Relevant to Transfer

### A.    Residency of Parties and Witnesses

Defendant Holiday Isle, LLC is the developer of a condominium project in the Town of Dauphin Island in Mobile County, Alabama, within the Southern District of Alabama. (Doc. #32). Holiday Isle obtained a construction loan from AmSouth Bank in which Defendant RBC Real Estate Finance, Inc. claims a security interest. This loan originated in Mobile, Alabama, within the Southern District of Alabama. (Doc. #30). The loan officers who will be witnesses in this case reside in the Southern District. (Doc. #30). The sole member of Holiday Isle is The Mitchell Company, Inc. (Doc. #1). According to the Alabama Secretary of State's website, The Mitchell Company, Inc.'s principal place of business is in Mobile, Alabama. The managing member of

Holiday Isle, Paul Wesch, resides in Mobile County.  Although the underlying loan originated in the Southern District, it is currently being managed by RBC Real Estate Finance Inc. outside the State of Alabama.  (Doc. #33).

The individual defendants are parties to the pre-construction purchase agreements to purchase units at the condominium project located in the Southern District of Alabama. According to RBC Bank, "Holiday Isle, LLC and seven of the purchaser claimants reside in the Southern District of Alabama. Five of the purchaser claimants reside elsewhere in Alabama. Two of the purchaser claimants reside in Mississippi. Eight of the purchaser claimants reside in Georgia, four reside in Illinois, and 20 reside in Florida. RBC Real Estate Finance Inc. resides in Texas." (Doc. #33 at 9).

Counsel for RBC Bank (USA) maintains offices in both the Southern District as well as the Northern District. (Doc. #33).  A search of RBC Bank's website reveals that it maintains a presence in the Southern District of Alabama.  Counsel for RBC Real Estate Finance, Inc. is located in Mobile, Alabama, in the Southern District of Alabama.  (Doc. #30).[1]

**B.     Location of Documents**

The record is presently devoid of information relating to the location of documents relevant to this case, except to the extent that the underlying loan transaction originated within the Southern District of Alabama.  However, as noted by Plaintiff RBC Bank, "In light of current technological abilities, the location of any documents relevant to this action would not be a factor either way in determining whether this action should be transferred."  (Doc. #33 at 10.)

---

[1]In addition, the court notes that when it initially contemplated dismissal of this action, Plaintiff RBC Bank and Defendant RBC Real Estate Finance both asserted that transfer to the Southern District was a more appropriate action than dismissal.  (Docs. #26 and 27).

4

## II.     Discussion

Title 28 U.S.C. § 1404(a) codifies (with some additions) the common law doctrine of *forum non conveniens*. *See* 5 CHARLES A. WRIGHT, ARTHUR R. MILLER AND EDWARD H. COOPER, *FEDERAL PRACTICE AND PROCEDURE*, § 1352 (1969). Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). The analysis under § 1404(a) is a two-part inquiry. *Folkes v. Haley*, 64 F. Supp. 2d 1152, 1154 (M.D. Ala. 1999) (relying on *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). As a threshold matter, the court must consider if the case "might have been brought" in the transferee court. 28 U.S.C. § 1404(a). Second, the court must ask whether the balance of factors under § 1404(a) weighs in favor of transferring this action to the transferee court. 28 U.S.C. § 1404(a). "District courts have broad discretion in deciding whether to transfer an action to a more convenient forum." *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503 (M.D. Ala. 1994). The decision of whether a case should be transferred under § 1404(a) is "'an individualized case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

### A.     This Case Could Have Been Brought in the Southern District of Alabama.

The court begins its analysis by observing that without question this case originally could have been brought in the Southern District of Alabama. As noted in the pleadings by Plaintiff RBC Bank and various defendants, 28 U.S.C. § 1397 specifies that venue is appropriate in an interpleader action in any district where at least one claimant resides. As noted above, seven of the defendant-

claimants in this action are residents of the Southern District of Alabama.  Furthermore, the underlying loan transaction originated or took place in the Southern District.

**B.**     **The Balance of the Relevant Factors Weighs in Favor of Transfer**.

Having decided that the Southern District of Alabama is a proper transferee district, the court must now "decide whether the balance of convenience favors transfer." *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 504 (M.D. Ala. 1994).  In applying the law to the facts and allegations in the instant case, the court finds that those Defendants seeking transfer to the Southern District have satisfied their burden of demonstrating that this action should be transferred for "the convenience of the parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a).  The analysis under § 1404(a) requires a balancing of practical considerations, which centers on convenience of the parties and witnesses, with the interests of justice, and the balancing focuses on systematic integrity and fairness.  Before the court delves into that analysis, however, it must address Plaintiff's choice of forum because, in this Circuit, a plaintiff's choice of forum typically is entitled to considerable deference.  *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989); 1 JAMES WM MOORE, ET. AL., *MOORE'S FEDERAL PRACTICE* ¶ 0.145[5] (1988).

**i.**     **Plaintiff's Choice of Forum**

RBC Bank chose this forum because "at least one of the claimants resides in this District." (Doc. #33 at 9).  However, of the twelve purchaser claimants residing in Alabama, seven reside in the Southern District, as does Holiday Isle.  Moreover, the funds at issue are alleged to be proceeds of transactions related to the development of a condominium project located in the Southern District of Alabama.  "Where none of the conduct complained of took place in the forum selected by

plaintiff, the plaintiff's choice of forum is of minimal value in determining whether to transfer an action." *Johnston*, 158 F.R.D. at 505 (citing *Windmere Corp. v. Remington Products, Inc.*, 617 F.Supp. 8 (S.D. Fla. 1985); *Chicago, Rock Island, and Pacific Railroad Co. v. Igoe*, 220 F.2d 299 (7th Cir. 1955), *cert. denied*, 350 U.S. 822 (1955); *Armco Steel Co., L.P. v. CSX Corp.*, 790 F.Supp. 311 (D. D.C. 1991); *Pope v. Missouri Pac. R. Co.*, 446 F.Supp. 447 (D.C. Okl. 1978).  Therefore, the court finds that the deference typically afforded the plaintiff's choice of forum is significantly lessened in this case.

### 2.   Convenience of the Parties and Witnesses

When considering the practical need to adjudicate in a forum convenient for the parties and witnesses, courts generally examine the location of principal material witnesses, "the relative ease of access to sources of proof," and the ability of the parties to bear the expense of changing the forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).  "[W]here the operative facts underlying the cause of action transpired" is a consideration for convenience.  *Johnston,* 158 F.R.D. at 50.  Courts look to a forum where the trial is "most 'easy, expeditious and inexpensive.'" *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981) (citation omitted).[2]  The vast majority of the claimants will have to travel to either this forum or the Southern District.  The majority of in-state claimants already reside in the Southern District, as does Holiday Isle.  The only witnesses specifically identified by the parties at this time are the loan officer witnesses and the managing member of Holiday Isle, Paul Wesch, and all those individuals reside in the Southern District. (Doc. #30).

---

[2]Fifth Circuit decisions rendered prior to October 1, 1981 constitute binding authority in the Eleventh Circuit.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

3.      **Interest of Justice**

The Supreme Court has told us that the "interest of justice" factor requires a district court to weigh "those public-interest factors of systematic integrity and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988).  This case has little or no contact with the Northern District of Alabama other than the fact that a group of defendant-claimants, one of whom resides in Alabama, chose to initiate a prior lawsuit in this district, which was then referred to arbitration.  The operative facts regarding the case overwhelmingly occurred in and relate to the Southern District.  The location of the in-state parties and witnesses points to the Southern District, not the Northern District, as the most convenient forum for this action.  The burden on this court's docket of entertaining a case with little or no connection to the District is significant.  On the other hand, because this case involves residents of the Southern District and relates to events which allegedly took place in the Southern District, the Southern District *does have* a significant interest in hearing this case.

Further, this court finds it significant that Holiday Isle's bankruptcy proceeding is pending in the Southern District.  Therefore, 28 U.S.C. § 1334(e) also supports transfer to the Southern District.  Many of the parties opposing transfer to the Southern District contend that 28 U.S.C. § 1334(e) does not support transfer of this action because, they claim, the money that had been in the account at RBC Bank in debtor Holiday Isle's name did not actually belong to Holiday Isle.  However, the rightful ownership of the funds from that account, which have been interpled in this action, is the ultimate question to be decided in this action, not a matter to be decided by this court

at the initial stages of this litigation without development of a factual record.  It is also an issue which may be affected by Holiday Isle's bankruptcy case.[3]

The court readily concludes after undertaking the appropriate balancing of factors here that this case is due to be transferred under § 1404(a).  In addition, transfer to the Southern District is a common sense approach because there are far too many courts in too many different areas of this region addressing piecemeal aspects of this controversy.  While at this stage fulfilling the bankruptcy law's primary goal of centralizing adjudication of a bankrupt's estate into a single court is not within this court's power,[4] this court does have the authority and the opportunity to act in a manner consistent with that goal and in doing so transfer this case to a forum that is more convenient.

Accordingly, the court finds that the balance of factors weighs in favor of transfer to the Southern District of Alabama, where the case could have been filed originally.   A separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this _____15th_____ day of December, 2008.

_____

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[3]Some of the parties have argued that other litigation or arbitration proceedings have already determined the rightful ownership of the funds at issue.  If those proceedings have indeed decided that issue, the pregnant question is why this separate action was commenced.

[4]The granting of the pending motions to transfer does not violate the Bankruptcy Code's automatic stay provision under 11 U.S.C. § 362(a)(1) because it merely shifts the forum and "does not disrupt the [bankrupt] defendant's statutory 'breathing spell.'" *MTGLQ Investors, L.P. v. Guire,* 286 F.Supp. 2d 561, 563 (D. MD. 2003).